UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No: 3:06cr261 (PCD) |
| | : | |
| LUIS CIRINO, a.k.a. "GORDO;" | : | |
| ALBERTO HERNANDEZ, a.k.a. | : | |
| "CHINO;" KENNY IRIZARRY; | : | |
| LUIS LUCIANO; WILLIAM RAMES, | : | |
| a.k.a. "BLISS;" and RAFAELITO | : | |
| SANTIAGO | : | |

**RULING ON MOTION TO DISMISS**

Defendant Alberto Hernandez moves this Court to dismiss each and every count of the indictment filed against him. The government opposes Defendant's motion. For the reasons stated herein, Defendant's Motion to Dismiss [Doc. No. 18] is **denied**.

**I.     BACKGROUND**

On or about September 27, 2006, a federal grand jury returned a fourteen-count indictment against each of the six defendants listed above. As to Alberto Hernandez, the defendant herein, the indictment charged him with conspiracy to distribute 50 grams or more of cocaine base (Count One), conspiracy to distribute powder cocaine (Count Two), distribution of 50 grams or more of cocaine base on or about April 19, 2006 (Count Three), distribution of powder cocaine on or about May 2, 2006 (Count Four), distribution of powder cocaine on or about May 25, 2006 (Count Five), and distribution of powder cocaine on or about September 13, 2006 (Count Eleven). (See Indictment, Doc. No. 9.)  On or about October 5, 2006, Defendant was presented and arraigned on the charges in the indictment. At that time, the government provided him with a discovery letter and various items of discovery, including the written

affidavit which gave rise to the issuance of the arrest warrant for him on September 18, 2006. The next day, on or about October 6, 2006, a detention hearing was held before United States Magistrate Judge Joan G. Margolis and Defendant was released on bond.

Also on October 6, 2006, Defendant filed the instant motion to dismiss the indictment. Defendant argues that the government's evidence demonstrates that the Drug Enforcement Administration ("DEA") arrested the wrong individual in connection with this case and that it was actually his brother, Jose Hernandez, who committed the crimes charged in the indictment. In support of his motion, Defendant relies on the evidence disclosed to him on October 5, 2006—specifically, the September 18, 2006 Affidavit of DEA Task Force Agent Theodore Branon, submitted in support of the arrest warrant, and the corresponding DEA Report of Investigation dated May 2, 2006—which repeatedly identify "Jose Hernandez" as the individual who had engaged in the controlled purchases with the cooperating witness on April 19, 2006, May 2, 2006, May 25, 2006 and September 13, 2006.  Defendant also cites the facts that (1) the arrest warrant affidavit attributes Jose Hernandez's date of birth to him, and (2) his brother's place of business, 251 Whiting Street in New Britain, is identified as the location of the illegal activity, whereas Defendant represents that he is a certified roofing specialist employed at 190 Hart Street in New Britain.

The government asserts they have sent Defendant two more discovery packages since he filed the instant motion, providing him with additional investigative reports, laboratory reports, a list of the various audio and video tapes made in conjunction with the controlled purchases, and specific disclosures related to the cooperating witness ("CW-1") used in this case, including his criminal history, a copy of his written confidential source agreement with the DEA, and a list of

the monies paid to him during the investigation. (See Gov't Opp. 2-3, Doc. No. 58.)  The government contends that these discovery materials also included various reports addressing the issue of whether it was Alberto or Jose Hernandez who had engaged in the various controlled purchases with CW-1. (Id.)

For example, a July 24, 2006 DEA report noted that "Jose Hernandez and Alberto Hernandez are brothers who are close in appearance," and that when CW-1 was shown photographs of both individuals, he identified the photograph of Alberto Hernandez as the individual whom he knew as "Chino," the individual who had sold cocaine and cocaine base to him on April 19, 2006, May 2, 2006 and May 25, 2006, and the individual who operated a narcotics trafficking operation out of 251 Whiting Street in New Britain.  Another DEA report, dated September 26, 2006, and prepared by DEA Task Force Agent Branan, indicated as follows:

> On 9/13/2006, TFA Branon completed a DEA-6 in regards to the acquisition of exhibit 9 [28 grams of powder cocaine].  In the aforementioned report, TFA Branon inadvertently stated that the purchase of approximately 29 gross grams was made by [CW-1] from Jose Hernandez.  The report should reflect that the purchase made by [CW-1] was from Alberto Hernandez.

A final DEA report, dated September 22, 2006, and prepared by Task Force Agent Branon, indicates that following a purchase of cocaine on September 13, 2006, law enforcement officers showed CW-1 a photograph of Defendant, and CW-1, "without hesitation," identified the person depicted therein as the individual from whom he had just purchased cocaine.

**II.    DISCUSSION**

An indictment is constitutionally sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense." Hamling v. United States, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974). The Second Circuit has held that an indictment must "charge[] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events," but in doing so, it "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir.), cert. denied, 504 U.S. 926, 118 L. Ed. 2d 580, 112 S. Ct. 1982 (1992) (internal quotation marks omitted). It is well established law that a facially valid indictment returned by a properly constituted and unbiased grand jury is sufficient to try a defendant on the counts charged therein, and "cannot even be challenged on the ground that it is based on inadequate or incompetent evidence." United States v. Contreras, 776 F.2d 51, 53-54 (2d Cir. 1985) (citing Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956)). In United States v. Hall, 20 F.3d 1084 (10th Cir. 1994), the Tenth Circuit explained the general law with regard to indictments:

> Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.

Id. at 1087 (citing United States v. Sampson, 371 U.S. 75, 78-79, 83 S. Ct. 173, 174-75, 9 L. Ed. 2d 136 (1962); United States v. King, 581 F.2d 800, 802 (10th Cir. 1978)).

Defendant claims here that the "undisputed facts" show that he did not commit the offenses charged in the indictment and that the indictment should be dismissed, as a matter of law, as against him. The government has presented evidence, however, going to show that CW-1

has identified Alberto Hernandez, rather than his brother Jose Hernandez, as the individual who committed at least some of the crimes charged in the indictment. Moreover, it is undisputed that the indictment itself is facially valid and was returned by a legally constituted and unbiased grand jury. Defendant has accurately noted mistakes in the investigative reports and arrest warrant affidavits, and he is certainly entitled to rely on those mistakes in challenging the government's case against him at trial. Such a factual dispute, however, is better resolved by the trial jury; it is inappropriate for this Court to dismiss the indictment based on the sufficiency of the evidence. See Costello, 350 U.S. at 363. Accordingly, the motion to dismiss will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Alberto Hernandez's Motion to Dismiss [Doc. No. 18] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, November  27 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court